IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO



FILED

02 SEP -5 AM 10: 37

SOUTHLAND INSURANCE COMPANY,
a Texas corporation,

    Plaintiff,

v.    No. CIV 02-0479 WJ/WWD

CHARLENE RODRIGUEZ, et al.,

    Defendants.

## MEMORANDUM OPINION AND ORDER DENYING PETITION OF CHRISTAL K. GRISHAM FOR APPOINTMENT AS GUARDIAN AD LITEM

THIS MATTER comes before the Court pursuant to the Opposed Petition of Christal K. Grisham for Appointment as Guardian ad Litem for Defendant Amanda Gallegos, a Minor [Docket No. 12]. Having reviewed the motion, the Court finds that it shall be denied.

Southland Insurance Company (Southland) filed this statutory interpleader action pursuant to 28 U.S.C. § 1335. Southland issued a term life insurance policy to Edward F. Gallegos in the amount of $50,000 on January 12, 1994. Mr. Gallegos died on November 6, 2001. At issue in this case is the proper beneficiary of the insurance proceeds.

At the time the original policy was issued, Mr. Gallegos was married to Charlene Rodriguez and named her as the primary beneficiary of the life insurance policy. On September 16, 1998, Mr. Gallegos and Ms. Rodriguez were divorced. On January 17, 2001, Mr. Gallegos completed a change of beneficiary form indicating his desire that Amanda Gallegos (his niece) and Anna Perez (his girlfriend) share the proceeds of the life insurance. It is alleged that this change of beneficiary form was not properly witnessed or sent to Southland.

The possible claimants for the proceeds of Mr. Gallegos' life insurance policy are his ex-wife Ms. Rodriguez as designated beneficiary, his estate through the personal representative Nathan Gallegos, and his niece and girlfriend in accordance with the change of beneficiary form.

Christal Grisham is the attorney for Mr. Gallegos' girlfriend Anna Perez. Mr. Grisham filed his petition to be appointed guardian ad litem for Amanda Gallegos based on his assertion that the interests of Ms. Gallegos and Ms. Perez are coextensive because their rights are created by the same instrument. Additionally, Grisham urges that Amanda Gallegos will benefit from his efforts on behalf of Ms. Perez and that equity requires that Ms. Gallegos pay her proportionate share of the attorney's fees and costs associated with Grisham's recovery of any pool of funds in which Ms. Gallegos may share.

An entry of appearance was made by a law firm on behalf of Amanda Gallegos. Plaintiff filed an amended complaint naming Kathryn Wells as a defendant in her capacity as parent and next friend of Amanda Gallegos, and an answer to the second amended complaint was filed on behalf of Amanda Gallegos by her own counsel of record. As Ms. Gallegos is represented by counsel, the Court does not perceive a need to appoint a guardian ad litem.

IT IS THEREFORE ORDERED that the Opposed Petition of Christal K. Grisham for Appointment as Guardian ad Litem for Defendant Amanda Gallegos, a Minor [Docket No. 12] is hereby DENIED.

_____
UNITED STATES DISTRICT JUDGE